**In the United States District Court**
**District of South Carolina**
**Spartanburg Division**

| | |
|---|---|
| **Kevin Milligan,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| | ) **Complaint** |
| **Hudson Automotive Group and its** | ) |
| **affiliates and subsidiaries, including** | ) **Jury Trial Demanded** |
| **Cougar Spartanburg Acquisition, LLC.** | ) |
| **and CGR SBG HON, LLC,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

Plaintiff, through his attorney, would respectfully show as follows:

1.     Plaintiff is a resident of South Carolina and, at all relevant time, was employed by Defendants in Spartanburg County.

2.     Defendants are employers under the FMLA.  29 U.S.C. § 2611(4)(A)(i).

3.     Hudson Automotive Group advertises itself as "a third-generation, family-owned and operated business," that has grown from a single location into "a team of nearly 5,000 employees."[1]

4.     Hudson Automotive Group operates as an integrated employer.  For example, Hudson Automotive issued paychecks to Plaintiff from two entities:  CGR SBG HON, LLC and Cougar Spartanburg Acquisition, LLC.  These two entities share the same registered agent, Emma Nicolay, at the address of Hudson Automotive.  Nicolay is the registered agent and the Hudson Automotive address is used for dozens of entities just

---

[1]     https://www.hudsonauto.com/company-overview/

within South Carolina, including 225 SFD Unite CGR MAZ-SUB SBG, LLC d, LLC, Car Vendee, LLC, CGR A-OB Admin, LLC, CGR A-OB Holdco, LLC, CGR SBG FD, LLC, CGR SBG HON, LLC, CGR SBG MAZ, LLC, CGR SBG SUB, LLC, CGR SBG VW, LLC, CGR SVFD RP, LLC, Cougar Atrium Real Property, LLC, Cougar Charleston Real Property, LLC, Cougar Columbia Acquisition, LLC, Cougar Columbia H, LLC, Cougar Columbia Real Property, LLC, Cougar Columbia T Real Property, LLC, Cougar Greenville Acquisition, LLC, Cougar Greenville Real Property, LLC, Cougar Spartanburg Acquisition, LLC, Cougar Summerville Acquisition, LLC, Cougar Summerville Real Property, LLC, GLH Black Powder, LLC, HUDSON SUMMERVILLE HOLDINGS, INC., Lexus of Greenville, LLC, Midlands Toyota, LLC, Pilatus DRH, LLC, Ransome Rock Hill Real Property, LLC, RP CGR SBG FD, LLC, RP CGR SBG HON, LLC, RP CGR SBG HON NEW, LLC, RP CGR SBG MAZ-SUB, LLC, RP CGR SBG VW, LLC, RP CGR Vacant SBG, LLC, and Scopey, LLC.

5.     Hudson Automotive Group commonly manages various dealerships, including common human resource management.

6.     Hudson Automotive touts the interrelated nature of the operations of the various entities and the way it operates them as one company.

7.     Hudson Automotive publicly represents that it maintains common ownership and financial control over the various entitles.

8.     Hudson Automotive centrally hires employees, advertises for applicants through a common career portal, and transfers employees between its entities.

9.     Hudson Automotive maintains common policies, "core values," and benefits, including welfare benefit and savings plans.

10.     Plaintiff applied for leave under the Family and Medical Leave Act ("FMLA"). Defendants granted Plaintiff's request for FMLA leave.

11.     After Plaintiff applied for FMLA, his supervisor informed him on August 1: (1) that Defendants were demoting him from his position to a lower position; and (2) that Plaintiff's pay would be reduced accordingly.

12.     Plaintiff's supervisor told Plaintiff that he made this decision because Plaintiff sought FMLA leave.   He told Plaintiff that managers cannot be on FMLA.  He also told Plaintiff that persons with Plaintiff's underlying medication conditions could not be in management.[2]

13.     Plaintiff's supervisor also told Plaintiff that he could regain a management position in the future if he did not exercise rights under the FMLA.

14.     Defendants processed the change, demoted Plaintiff, and reduced his pay.

**Count I**
**For a First Cause of Action**
**Interference – FMLA**

1.     Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

2.     Defendants have interfered with, restrained, retaliated against, and/or denied Plaintiff's exercise of or his attempt to exercise, rights provided under the FMLA and terminated his employment in violation of 29 U.S.C. § 2615(a)(1).

---

[2]     Plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  436-2024-02399.  Plaintiff intends to amend the pleadings in this action to add claims under the Americans with Disabilities Act ("ADA") upon obtaining the right to request a notice of right to sue.

3.      Defendants also acted to interfere with and preclude Plaintiff from exercising his rights in the future.

4.      Defendants' actions have been willful.

WHEREFORE, Plaintiff respectfully requests a trial by jury on his claim for violations of the FMLA and that he be granted all available relief including, but not limited to, a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, reinstatement, an award of lost wages and employment benefits, liquidated damages, equitable relief as the Court may deem appropriate, and all other and further relief as to the Court appears necessary and proper, including, but not limited to, liquidated damages, the costs of this action, attorney fees, and pre- and post-judgment interest.

**Count II**
**For a First Cause of Action**
**Discrimination – FMLA**

5.      Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

6.      Defendants discharged and discriminated against Plaintiff for exercising his rights under the FMLA in violation of 29 U.S.C. § 2615(a)(2).

7.      Defendants' actions have been willful.

WHEREFORE, Plaintiff respectfully requests a trial by jury on his claim for violations of the FMLA and that he be granted all available relief including, but not limited to, a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, reinstatement, an award of lost wages and employment benefits, liquidated damages, equitable relief as the Court may deem

appropriate, and all other and further relief as to the Court appears necessary and proper, including, but not limited to, liquidated damages, the costs of this action, attorney fees, and pre- and post-judgment interest.

Respectfully submitted this 6th day of August 2021.

s/ Brian P. Murphy
Brian P. Murphy, Bar No. 6770
Attorney for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400